JUSTICE LEAPHART,
specially concurring.
¶41 I concur in the opinion of the Court and write separately to elaborate on one particular point. The Court holds, and I agree that, “the State’s right to a psychological examination exists for the limited purpose of rebuttal, and as the District Court did here, the order for an examination can be narrowly tailored and place restrictions on the State’s use of its expert’s examination.”
¶42 The defendant in this case has raised the “defense” of mitigated deliberate homicide. That is, he contends that he acted under “extreme mental or emotional stress for which there is reasonable explanation or excuse.” Section 45-5-103(1), MCA. It is important to distinguish this defense from self-defense or justifiable use of force that was raised in State v. Hess (1992), 252 Mont. 205, 828 P.2d 382. Justifiable use of force, if proven, is a complete defense resulting in an acquittal. Extreme mental or emotional stress, on the other hand, results not in an acquittal, but in a conviction of the lesser offense of mitigated deliberate homicide. Thus, a defendant who raises mitigated deliberate homicide as a defense and who submits to an examination by a State psychologist is, in effect, convicting himself of a crime. Accordingly, the trial court can, and should, impose restrictions upon the State’s use of such evidence. However, independently of any restrictions imposed by the trial court, there are constitutional limitations that pertain under the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution. As the Court points out, when the defendant proposes to prove the defense of extreme emotional stress through use of an expert, the State is entitled to have the defendant examined by its own expert so, in fairness, it will have an opportunity to rebut the defendant’s expert testimony. The fruits of the State’s examination can only be used to rebut the defendant’s defense. The State, having obtained the defendant’s testimony concerning mental stress, cannot, for example, drop the deliberate homicide charge and file new charges for mitigated deliberate homicide. Such use of the evidence would obviously be beyond what the defendant would reasonably be expected to anticipate and would offend the constitutional prohibitions against self-incrimination.